NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 20, 2015[*]
Decided January 21, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-2346

| | |
|---|---|
| YUE ZHAO, <br>     *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A200-996-181 |
| ERIC H. HOLDER, JR., <br> Attorney General of the United States, <br>     *Respondent*. | |

**O R D E R**

Yue Zhao, a 26-year-old native and citizen of China, petitions for review of the denial of his application for asylum, asserting fear of persecution based upon his actual or imputed religious beliefs. We deny the petition.

According to Zhao's testimony, his parents paid a smuggler to bring him to the United States in 2002, when he was 13 years old. Although his father already lived in an

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

unspecified location in the United States (while his mother remained in China), Zhao settled with a cousin in Illinois and briefly attended high school before dropping out to earn money.

In July 2011 Zhao filed an affirmative application for asylum, withholding of removal, and protection under the Convention Against Torture.[1] Zhao testified that he applied for relief upon learning that his grandmother—a long-standing adherent of an underground Christian church in Fuzhou, Fujian—had been arrested by public security officials for raising funds for the church. Zhao, who had recently begun attending a Chinese Christian church in Chicago, said that he had wired his grandmother $1,000 to support her efforts with the church four months before her arrest. Zhao claimed that he feared returning to China because his name appeared in a donation book kept by his grandmother that was later seized by the police, and he believed that this contribution would cause him to be arrested like his grandmother.

The immigration judge denied all relief. The IJ explained that this case was governed by the REAL ID Act and that Zhao had not sufficiently corroborated his contention that he would face persecution if he returned to China. Zhao made no attempt, the IJ observed, to seek corroboration about his grandmother's arrest—either from his U.S.–based father (the son of Zhao's grandmother), or from the pastor in Fuzhou. Nor did Zhao try to corroborate his contention that his grandmother's donation book had been seized or that the money he sent her actually had been donated to an underground church. Regarding Zhao's credibility, the IJ characterized Zhao's testimony as consistent with his written statement but doubted the "veracity" of his "overall claim." The IJ questioned, for instance, the reliability and suspicious timing of two documents that Zhao's mother had sent him purportedly in the same mailing: her letter from July 2011 telling him that his grandmother had been arrested by the village officials and a pastor's letter from March 2011 (a date, the IJ noted, that had been written over "white out") thanking Zhao for the donation that he had sent to his grandmother. And even if Zhao's documentary evidence were reliable and his own testimony credible, the IJ went on to conclude, Zhao still failed to show that his fear of persecution was objectively reasonable.

---

[1] We do not address Zhao's arguments supporting his claims for withholding of removal and CAT relief, which he did not develop in his petition and are therefore waived. *See Liu v. Holder*, 692 F.3d 848, 851 (7th Cir. 2012).

The Board of Immigration Appeals upheld the IJ's decision, agreeing that Zhao had failed under the REAL ID Act to provide sufficient, reliable, and reasonably available corroboration of his claim. Additionally, the Board declined to consider new evidence that Zhao sought to introduce on appeal—a letter purportedly from the Fuzhou police discussing his grandmother's detention and threatening Zhao, as well as his father's birth certificate. And insofar as the submission of these documents could be construed as a motion to remand proceedings, the Board concluded that remand was not warranted because Zhao had not shown that the documents were reliable or that they would likely change the result in his case. Finally, the Board concluded, Zhao had not shown that it was "at all plausible" that Chinese authorities would seek to investigate him.

In his petition Zhao argues that the IJ erred by not making an explicit credibility finding before requiring additional corroboration. Zhao not only waived this argument by not raising it before the Board, *see Raghunathan v. Holder*, 604 F.3d 371, 379 (7th Cir. 2010); *Mekhtiev v. Holder*, 559 F.3d 725, 729 (7th Cir. 2009), but he also misapprehends the changes that the REAL ID Act made to an IJ's review of asylum claims. For a case like Zhao's filed on or after May 11, 2005, an IJ "enjoys substantial leeway to demand corroboration of an asylum applicant's allegations whether or not the judge finds the applicant credible." *Krishnapillai v. Holder*, 563 F.3d 606, 618 (7th Cir. 2009); *see* 8 U.S.C. § 1158(b)(1)(B)(ii); *Rapheal v. Mukasey*, 533 F.3d 521, 527 (7th Cir. 2008); *Guta-Tolossa v. Holder*, 674 F.3d 57, 62 (1st Cir. 2012). Zhao cites *Soumare v. Mukasey*, 525 F.3d 547, 549, 552 (7th Cir. 2008), which required an IJ to make an explicit credibility finding before requesting corroboration, but notably that case applied standards that preceded the REAL ID Act. *See Tandia v. Gonzales*, 487 F.3d 1048, 1054, 1055 n.3 (7th Cir. 2007).

Zhao also challenges the IJ's ultimate conclusion that even if he were credible and his documents reliable, his *claim* would still fail. But a well-founded fear of persecution requires fear that is subjectively genuine *and* objectively reasonable, *see, e.g., Georgieva v. Holder*, 751 F.3d 514, 522–23 (7th Cir. 2014), and Zhao has not identified reliable and particularized evidence showing that he may face harm as a result of his own or his grandmother's religious beliefs.

We have reviewed the rest of Zhao's contentions and none warrants discussion. Accordingly, we DENY the petition for review.